# KURZMAN EISENBERG CORBIN & LEVER, LLP

**ATTORNEYS AT LAW**

ONE NORTH BROADWAY, 12TH FLOOR
WHITE PLAINS, NEW YORK 10601
TEL: (914) 285-9800
FAX: (914) 285-9855

CORRESPONDENCE SHOULD BE
SENT TO THE WHITE PLAINS
ADDRESS ONLY

<u>Via CM/ECF</u>

Honorable Philip M. Halpern, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

---

> Application granted. Plaintiffs may file a sur-reply in support of their cross-motion for summary judgment not to exceed 10 pages in length by March 23, 2023.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 159.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        March 10, 2023

---

Re:   Request for Sur-Reply in 7:19-cv-03017(PMH),
      7:20-cv-07249(PMH), and 7:21-cv-07920(PMH)

Dear Judge Halpern:

We represent Nicole Campbell, as Seller Representative ("Nicole"), Rupert Campbell ("Rupert"), and Clare Reinbergen ("Clare," and collectively with Rupert and Nicole, "Plaintiffs").

In accordance with the December 13, 2022 revised briefing schedule approved, by the Court, on March 6, 2023, Plant Health Intermediate, Inc. ("PHI") and Douglas Products and Packaging Company LLC ("Douglas," and together with PHI, "Defendants") filed their motion for summary judgment, Plaintiffs filed their papers in opposition to Defendants' motion for summary judgment[1] and in support of Nicole's cross-motion for summary judgment, and Defendants filed their opposition to Nicole's cross-motion and reply in furtherance of their motion for summary judgment. The Court's approval of the briefing schedule further indicated that "if sur-reply is requested by Plaintiffs, a letter should be filed setting forth good cause." *See* ECF No. 146 at 1.[2]

---

[1] Despite Defendants' statement to the contrary, each of the Plaintiffs opposed Defendants' motion for summary judgment as: i) the definition of Plaintiffs in our motion papers included all three of Nicole, Rupert, and Clare; ii) there are statements requesting that Defendants' motion be denied as to Plaintiffs' claims; iii) Plaintiffs are referenced over twenty times in the argument section; and iv) the cover page and signature block indicates that this firm represents all three Plaintiffs.

[2] All ECF citations are to the docket in 19-cv-03017 and the ECF pagination.

Hon. Philip M. Halpern, U.S.D.J.
March 9, 2023
Page 2

    Having had the opportunity to review Defendants' opposition and reply brief, it is submitted that good cause exists for leave to file a sur-reply concerning the claims related to the First Earn-out. First, Defendants now contend, without support in the record, that Brenner admitted that Nicole "revised" the First Earn-out Calculation four times before it was presented, making it her calculation, rather than PHI's calculation. *See* ECF No. 156 at 13-14, 17-18. Second, Defendants mischaracterize Plaintiffs' pleadings and arguments to contend that a new theory, that was never pled, is being asserted for the first time in relation to these summary judgment motions, warranting denial of Nicole's cross-motion. *See id.* at 14-15. Third, Defendants cite new case law that was not previously included in Defendants' motion papers to further support their position and oppose Nicole's cross-motion, including case law addressing arbitration and "third-party decision-makers." *See, e.g., id.* at 21-27. Fourth, Defendants fail to recognize that the Court already stated in a prior conference that PHI "do[es]n't have any right to ADR relief" because the argument was not preserved. *See* ECF No. 117 at 23. Nonetheless, Defendants have attempted to avoid this by arguing that Plaintiffs did not satisfy conditions precedent and by arguing that Defendants did not waive any ability to have an IA resolve the First Earn-out. *See* ECF No. 156 at 20-28. While additional points can and will be made if a sur-reply is permitted, we submit that these issues alone warrant the opportunity to respond.

    Given that Plaintiffs have not had the opportunity to respond to these and other issues within Defendants' opposition and reply brief, it is respectfully requested that leave to file a sur-reply of up to 10 pages in further support of the cross-motion for summary judgment be granted and such sur-reply be filed by March 23, 2023.[3]

We thank Your Honor for your time and consideration.

Respectfully,

Fred D. Weinstein

cc: Opposing counsel (via CM/ECF)

---

[3] March 23 is requested because I will be away on vacation from March 13 through March 20.